UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DONNY MCGAIL SCOTT                                                          PETITIONER

V.                                          CIVIL ACTION NO. 3:24-CV-442-KHJ-MTP

STATE OF MISSISSIPPI                                                       RESPONDENT

ORDER

This matter is before the Court sua sponte for case management purposes. For the reasons stated, the Court dismisses this action without prejudice.

Pro se Petitioner Donny McGail Scott—incarcerated by the Mississippi Department of Corrections—initiated this habeas action on July 29, 2024. Pet. [1]. On January 31, 2025, the Court denied him pauper status and ordered him to pay the filing fee by February 20. Order [7] at 1–2. Scott moved for reconsideration, which the Court denied. Order [10] at 1–2. The Court also ordered Scott either to pay the fee or to show cause why the Court should not dismiss this action for failure to comply with a Court Order. *Id.* at 2. Scott then responded that he was already paying a filing fee in his 42 U.S.C. § 1983 case, No. 3:25-CV-75, which was severed from this action. Resp. [11] at 1; *see also* Order [6]. Because he failed to pay the fee for this action, the Court entered a [12] Second Order to Show Cause, giving him

one more chance to comply. This time, Scott responded that the Court could get the money from his inmate account, but Scott did not send the money. Resp. [13] at 1.[1]

The Court has the authority to dismiss an action for a petitioner's failure to prosecute or comply with a court order under Federal Rule of Civil Procedure 41(b) and its inherent authority to control its cases. Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962)). The Court need not wait for a party to raise this issue but may dismiss an action sua sponte to "clear [its] calendar[] of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link*, 370 U.S. at 630. This inherent authority arises from the Court's need to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31. Dismissal for failure to prosecute is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629–30.

The Court has given Scott multiple chances to comply. He still has failed to pay the filing fee. The Court therefore dismisses this action without prejudice under Rule 41(b) for failure to obey Court Orders.

For the reasons stated, the Court DISMISSES this action without prejudice. The Court will issue a separate final judgment consistent with this Order. The Clerk of Court shall mail this Order and the final judgment to Scott at his address of record.

---

[1] All [7, 10, 12] Orders were mailed to Scott's address of record and were not returned as undeliverable.

SO ORDERED, this 6th day of May, 2025.

                                                s/ *Kristi H. Johnson*
                                                UNITED STATES DISTRICT JUDGE